JONES, JUDGE:
The claimant, M & M Construction Company, and the respondent, West Virginia Department of Highways (formerly State Road Commission of West Virginia) entered into a contract under date of November 15, 1966, for the improvement of Division Street, from 6th Avenue to 10th Avenue, in the City of Parkersburg, Wood County. Under the contract documents a telephone conduit running the entire length of the project within the right of way was to remain in place. On or about May 4, 1967, it was determined that ithe presence of ¡the telephone conduit would necessitate the redesign and relocation of several crossdrains included in the contract. The revised crossdrain design elevations were completed and the claimant was given notice to proceed with this work on or about July 25, 1967. By letter dated October 5, 1967, the respondent granted the claimant 57 days’ extension of time for performance of the contract by reason of the delay. In the same letter the respondent acknowledged that the claimant had been further delayed for 11 days due to indecision over the size of the water line to be installed, which was complicated by the necessity of obtaining 'agreement of the City of Parkersburg, 'and this delay was added to -the contract time, making a total extension of 68 days.
It appears that there never was any substantial disagreement between the parties 'as to the extent of the delays or the responsibility of the respondent for damages resulting therefrom. However, the 'amount of ‘the claim totaling $83,244.96 was disputed.
*146 By written stipulation filed in this Court on June 16, 1970, the parties have agreed that by reason of delay and shutdowns pursuant to orders issued by the respondent, the claimant incurred certain costs and expenses over and above those contemplated and taken into consideration when the claimant bid the contract. It was further stipulated that as a result of said delay and shutdowns, the 'Claimant was damaged in the amount of $27,095.75, itemized as follows:
1. Increased cost and expense resulting from the loss of efficiency of employees_ $ 3,299.45
2. Increased cost and expense resulting from utility exploration_ 583.80
3. Increased cost and expense for rental of paving equipment, 'bulldozer and crane_ 11,955.00
4. Increased cost and expense resulting from the maintenance of traffic for a longer period of time than contemplated and taken into account by the contract_ 8,400.00
5. Cost of maintaining contractor’s field office and storage building- 1,281.54
6. Extra expense to protect concrete reinforcing, joint assemblies and curing concrete pavement _ 750.00
7. Overhead and supervision during shutdown and delay periods_ 895.96
TOTAL_ $27,095.75
It was also stipulated and agreed that all other claims set out in the claimant’s petition were abandoned.
The Oourt perceiving that the petition and stipulation present a valid claim against the respondent, West Virginia Department of Highways, which in equity and good conscience should be paid, an award is hereby made to the claimant, M & M Construction Company, in the sum of $27,095.75.